PATRICK MORLEY, Appellant. v. DAVIS CARPENTER, JR., Respondent,

### Kansas City Court of Appeals, June 14, 1886.

MUNICIPAL CORPORATIONS.—POWER OVER STREETS.—The power to order a street to be macadamized (where the charter of a city gives the usual control over its streets), is not exhausted by the exercise of it, on a *previous* occasion, at the expense of property owners. The power to compel property owners to *pave* generally, extends to compelling them to *re-pave*, when required by the municipal authorities." The power is a *continuing* power, and is not exhausted by being once exercised. *Farrar v. St. Louis*, 80 Mo. 392.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Reversed and remanded with directions.*

Statement of case by the court.

This was an action upon special tax-bills for the cost of macadamizing done by plaintiff on one of the streets in the city of St. Joseph, assessed against defendant's lots.

The case was tried by the court sitting as a jury upon the following statement of facts:

"For the purposes of this case, the following statement of facts is agreed and entered into by and between the parties hereto:

"1. Plaintiff performed the work charged in the petition, under and by virtue of a contract entered into with the city engineer of the city of St. Joseph, in pursuance of and in compliance with the ordinances in plaintiff's said petition set forth.

"2. Defendant is the owner of the property, as charged in plaintiff's petition.

"3. At a date long prior to the passing of the ordinances, in plaintiff's petition set forth, providing for the re-paving, re-curbing and re-guttering of Sixth street in front of defendant's property, to-wit: on —— the —— of ——, the said city, at the request of the owners of the property fronting on said Sixth street, by ordinance, fixed the grade of Sixth street in front of defendant's property, and ordered the curbing, guttering, macadamizing and paving of the same, all of which was duly performed and the cost thereof assessed against the property of defendant and duly paid for. At a date subsequent to the date last aforesaid, to-wit: on the —— day of —— the said macadamizing, curbing and guttering being worn and out of repair, the said city council of St. Joseph ordered the same repaired, which was duly done, and the expense thereof charged to the property of the defendant and duly paid by the owner

of said property. That, at the date of the passage of the ordinance in plaintiff's petition set out, providing for the re-curbing, re-paving, and re-guttering of said Sixth street, the same was in good condition and repair in front of defendant's property, but said city had, under its own motion, and not upon the request of the property owners fronting on said street, changed the grade of said street and ordered the said paving, curbing, guttering and macadamizing to be torn up and removed, the grade changed, and the re-curbing, re-guttering, re-paving and re-macadamizing charged for by plaintiff to be done. The said macadamizing, guttering, curbing and paving was so torn up and removed by said city, and said plaintiff then, in pursuance of his contract, performed the work in his said petition mentioned and charged for.''

Under the agreed statement of facts, the court found for defendant, and thereupon rendered judgment against plaintiff for costs.

WOODSON & WOODSON, for the appellant.

I. The power to compel property or lot owners to macadamize is a *continuing* one ; and extends to compelling to *re-pave* when required by the municipal authorities. 2 Dillon on Mun. Corp. (3 Ed.) sects. 779, 780 ; *McCormick v. Patchin,* 53 Mo. 33 ; *Farrar v. St. Louis,* 80 Mo. 379.

II. When, in all *material respects,* the *ordinances* relating to contracts for street improvements, and the issuance of special tax-bills for cost of same are complied with between the city authorities and the contractor ; the latter can maintain his action for the amount of such tax-bills. *Sheehan v. Owen,* 82 Mo. 458.

No brief for the respondent.

HALL, J.—The action of the trial court in rendering judgment upon the agreed statement of facts in favor of defendant was based, clearly, upon the idea that the city of St. Joseph had exhausted her power to order the

street in question to be macadamized at the cost of the adjacent lots by once having had such street macadamized. The court's action can be supported upon no other idea. The idea is erroneous. "The power to compel property owners to pave generally extends to the compelling them to re-pave when required by the municipal authorities." *Farrar v. St. Louis*, 80 Mo. 392. The power is a continuing power and is not exhausted by being once exercised.

The court should have rendered judgment in favor of plaintiff in accordance with the prayer of his petition.

The judgment is reversed and the cause remanded with direction to render such judgment. All concur.